# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SUMMER BREIDENBACH,

   Plaintiff,          Case No. 8:20-cv-02015

v.

I.Q. DATA INTERNATIONAL, INC.,

  Defendant.

_____/

## COMPLAINT

 **NOW COMES** Summer Breidenbach ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of I.Q. Data International, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

 1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

 2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

 3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida, a substantial portion the events or omissions giving rise to the claims occurred within the Middle District of Florida, and Plaintiff resides in the Middle District of Florida.

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant is a third party debt collection service with its principal place of business located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the state of Florida.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   Prior to the conduct giving rise to this action, Plaintiff rented and resided in an apartment unit.

8.   Subsequently, Plaintiff left the apartment unit and incurred a debt in the amount of approximately $713 ("subject debt").

9.   Sometime thereafter, Defendant acquired the right to collect on the subject debt.

10.  In or around August 2020, Plaintiff realized Defendant was reporting the subject debt to the credit reporting agencies.

11.  On August 17, 2020, Plaintiff placed a phone call to Defendant in an attempt to set up a payment plan to pay off the entirety of the subject debt. During this call, Plaintiff agreed to pay $400 that day and the remaining balance when she received her next paycheck, August 21.

12.  On August 21, 2020, Plaintiff was informed by her employer that she would not be receiving a paycheck until September 1.

13. Plaintiff immediately contacted Defendant, requested that payment be cancelled, and attempted to set up a payment for September 1.

14. Defendant informed Plaintiff this was unacceptable and threatened she "had to make the payment by August 24." Defendant then stated she needed to get a payday loan and if she was denied they might be able to push back the payment.

15. Consequently, Plaintiff applied for, and was denied, several different payday loans.

16. On August 24, 2020, Plaintiff called Defendant to explain what happened. During this call, Defendant's representative stated that she needed to go to Ace Cash Loan, and was required to go in person, that she could not apply online or over the telephone.

17. Worried and confused, Plaintiff disconnected the call.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to emotional distress.

### DAMAGES

19. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

21. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, nuisance, emotional distress, harassment, emotional distress, and anxiety.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

26. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

29. Defendant violated 15 U.S.C. §§1692e, e(10), and f through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

**a. Violations of FDCPA § 1692e**

30. Defendant violated §1692e and e(10) when it misleadingly stated Plaintiff needed to pay the debt off in full by August 24. Placing a false, arbitrary deadline on Plaintiff served no purpose other than to worry and confuse Plaintiff into making an immediate payment on the subject debt.

Moreover, Defendant violated §1692e and e(10) when it told Plaintiff she was required to get a payday loan to pay off the subject debt immediately. Finally, Defendant made a false representation to Plaintiff by stating if she was denied a pay day loan, they would be able to adjust her payment schedule. Plaintiff was denied several loans, and Defendant did nothing but require Plaintiff to try to obtain another.

### b.  Violations of FDCPA § 1692f

31. Defendant violated §1692f when it unfairly and unconscionably required Plaintiff to attempt to obtain a pay day loan to pay off her debt. Furthermore, in the midst of an ongoing pandemic, it was unconscionable for Defendant to try and force Plaintiff to obtain this loan in person, disregarding any concern for Plaintiff's health and well being.

32. Upon information and belief, Defendant systematically attempts to collect debts through misleading and unconscionable conduct and has no procedures in place to assure compliance with the FDCPA.

33. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff SUMMER BREIDENBACH respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d.  Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: August 27, 2020                                    Respectfully Submitted,

                                                         /s/ Alexander J. Taylor
                                                         Alexander J. Taylor, Esq.
                                                         Florida Bar No. 1013947
                                                         *Counsel for Plaintiff*
                                                         Sulaiman Law Group, Ltd
                                                         2500 S Highland Ave, Suite 200
                                                         Lombard, IL 60148
                                                         Telephone: (630) 575-8181
                                                         ataylor@sulaimanlaw.com